IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MADESA DICKERSON and KENITA DICKERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:23-cv-315-MHT-JTA (WO) |
| TERRANCE WADE RAY and STATE OF ALABAMA, | ) ) ) | |
| Defendants. | ) | |

# ORDER

Before the court is the Complaint (Doc. No. 1) filed by *pro se* Plaintiffs Madesa and Kenita Dickerson on behalf of Kenneth Dickerson. For the reasons stated below, Kenneth Dickerson is ordered to appear in person on his behalf or have an attorney file a notice of appearance on his behalf.

**Analysis**

Representation on behalf of another by a *pro se* litigant is typically determined to be a nullity.[1] The Plaintiffs Madesa and Kenita Dickerson filed the complaint on behalf of

---

[1] Under Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest." According to the Rule, the "following may sue in their own names without joining the person for whose benefit the action is brought … an executor; an administrator; [or] a trustee of an express trust." Fed. R. Civ. P. 17(a). The Plaintiffs fall under none of these categories and as such cannot sue on behalf of their allegedly incapacitated father. Further even if both Plaintiffs have legal guardianship or power of attorney over Kenneth Dickerson, they still may not pursue a case *pro se* on his behalf for the reasons stated in this order. Guardians may bring a case "on behalf of a minor [or] incompetent person" but they can not "pursue a case *pro se* on behalf of a minor [or] incompetent person … as they cannot ensure that the interests of the [minor or incompetent person] will be best served and he lacks the capacity to consent to such inadequate representation." *Blum*

their father, Kenneth Dickerson, the real party in interest. (Doc. No. 1.) "In all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). Since Kenneth Dickerson was the party who was injured by the alleged actions of Defendant Terrance Wade Ray, the Plaintiffs lack standing to sue on claims asserting injury to their father. Under Eleventh Circuit law, "the right to appear *pro se* does not extend to non-attorney parties representing the interests of others." *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021). Thus, Kenneth Dickerson or qualified legal counsel may file a case on his behalf, but his daughters are not legally permitted to do so. *See Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court.").

The goal of the court is not to punish the Plaintiffs for their *pro se* status but to protect the rights of the party in interest and ensure competent representation. "[T]he court [seeks] to ensure that the interests of third parties are not put at risk or irrevocably bound by representation from one who does not have the training and experience to best protect those interests, and who is not subject to the same disciplinary consequences as would be an attorney for unethical or incompetent representation." *Sullivan v. Prattville Health & Rehabilitation, LLC*, No. 3:22-CV-702-RAH-JTA, 2023 WL 2816850, at *1 (M.D. Ala.

---

*v. Perry*, No. CV419-291, 2020 WL 1978404, at *2 (S.D. Ga. Feb. 13, 2020), *report and recommendation adopted*, No. 4:19-CV-291, 2020 WL 1974403 (S.D. Ga. Apr. 24, 2020).

April 6, 2023) (citing *Williams v. Valeska*, No. 1:11-CV-1067-MEF-CSC, 2012 WL 786952, at *3 (M.D. Ala. Mar. 12, 2012), *report and recommendation adopted*, No. 1:11-CV-1067-MEF, 2012 WL 1656928 (M.D. Ala. May 10, 2012)). Licensed attorneys are held to a different standard and are considered liable for misrepresentation and inadequate legal representation. However, if the Plaintiffs were allowed to represent the claims of their father, he would have no recourse for ineffectual representation.

Under recent Eleventh Circuit case law, "when a pro se plaintiff improperly seeks to represent an estate with additional beneficiaries and/or creditors, the district court may not simply dismiss the case without providing the plaintiff an opportunity to cure the deficiency." *Iriele v. Griffin*, 65 F.4th 1280, 1285 (11th Cir. 2023). Therefore, the court extends this opportunity to Kenneth Dickerson as the real party in interest of a *pro se* case.

## Conclusion

It is ORDERED that, on or before January 22, 2024, Kenneth Dickerson shall have an attorney file a notice of appearance on his behalf or, alternatively, shall himself file a notice that he intends to proceed *pro se* on his own behalf.

DONE this 22nd day of December, 2023.

_/s/ Jerusha J. Adams_
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE